VICTOR SHERMAN (SBN 38483)
LAW OFFICES OF VICTOR SHERMAN
11400 West Olympic Boulevard, Suite 1500
Los Angeles, California 90064
Telephone (424) 371-5930
Facsimile  (310) 392-9029
Email:     victor@victorsherman.law

Attorney for Defendant
STANLEY HUDSON

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.  2:22-CV-00556-CAS (KSx) |
|---|---|
| Plaintiff, | |
| v. | **CLAIMANT, STANLEY HUDSON'S ANSWER TO COMPLAINT FOR FORFEITURE AND JURY DEMAND FOR TRIAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 38(b)** |
| CRYPTOCURRENCY, | |
| Defendant. | |
| STANLEY HUDSON, | |
| Claimant. | |

Claimant, Stanley Hudson, hereby answers the Complaint for Forfeiture in the above-entitled matter as follows:

1.    Answering paragraph 1 of the Complaint, claimant admits the allegations contained therein.

2.    Answering paragraph 2 of the Complaint, claimant admits the allegations contained therein.

3.    Answering paragraph 3 of the Complaint, claimant admits the allegations contained therein.

4.    Answering paragraph 4 of the Complaint, claimant admits the

1

allegations contained therein.

5. Answering paragraph 5 of the Complaint, claimant admits the allegations contained therein.

6. Answering paragraph 6 of the Complaint, claimant admits the allegations contained therein.

7. Answering paragraph 7 of the Complaint, claimant admits the allegations contained therein.

8. Answering paragraph 8 of the Complaint, claimant has insufficient information or belief to answer the allegations contained therein, and based thereon, denies each and every allegation contained therein.

9. Answering paragraph 9 of the Complaint, claimant has insufficient information or belief to answer the allegations contained therein, and based thereon, denies each and every allegation contained therein.

10. Answering paragraph 10 of the Complaint, claimant has insufficient information or belief to answer the allegations contained therein, and based thereon, denies each and every allegation contained therein.

11. Answering paragraph 11 of the Complaint, claimant has insufficient information or belief to answer the allegations contained therein, and based thereon, denies each and every allegation contained therein.

12. Answering paragraph 12 of the Complaint, claimant has insufficient information or belief to answer the allegations contained therein, and based thereon, denies each and every allegation contained therein.

13. Answering paragraph 13 of the Complaint, claimant has insufficient information or belief to answer the allegations contained therein, and based thereon, denies each and every allegation contained therein.

14. Answering paragraph 14 of the Complaint, claimant has insufficient

information or belief to answer the allegations contained therein, and based thereon, denies each and every allegation contained therein.

15. Answering paragraph 15 of the Complaint, claimant has insufficient information or belief to answer the allegations contained therein, and based thereon, denies each and every allegation contained therein.

16. Answering paragraph 16 of the Complaint, claimant has insufficient information or belief to answer the allegations contained therein, and based thereon, denies each and every allegation contained therein.

17. Answering paragraph 17 of the Complaint, claimant has insufficient information or belief to answer the allegations contained therein, and based thereon, denies each and every allegation contained therein.

18. Answering paragraph 18 of the Complaint, claimant has insufficient information or belief to answer the allegations contained therein, and based thereon, denies each and every allegation contained therein.

19. Answering paragraph 19 of the Complaint, claimant denies the allegations contained herein.

20. Answering paragraph 20 of the Complaint, claimant admits the allegations contained therein.

21. Answering paragraph 21 of the Complaint, claimant denies the allegations contained herein.

22. Answering paragraph 22 of the Complaint, claimant admits the allegations contained therein.

23. Answering paragraph 23 of the Complaint, claimant denies the allegations contained therein.

24. Answering paragraph 24 of the Complaint, claimant denies the allegations contained herein.

25. Answering paragraph 25 of the Complaint, claimant denies the

allegations contained herein.

26. Answering paragraph 26 of the Complaint, claimant denies the allegations contained herein.

27. Answering paragraph 27 of the Complaint, claimant has insufficient information or belief to answer the allegations contained therein, and based thereon, denies each and every allegation contained therein.

28. Answering paragraph 28 of the Complaint, claimant denies the allegations contained herein.

29. Answering paragraph 29 of the Complaint, claimant denies the allegations contained herein.

30. Answering paragraph 30 of the Complaint, claimant denies the allegations contained herein.

31. Answering paragraph 31 of the Complaint, claimant denies the allegations contained herein.

32. Answering paragraph 32 of the Complaint, claimant denies the allegations contained herein.

33. Answering paragraph 33 of the Complaint, claimant denies the allegations contained herein.

**FOR A SECOND, SEPARATE AND FURTHER ANSWER AND FIRST AFFIRMATIVE DEFENSE, THIS ANSWERING COMPLAINT ALLEGES:**

34. The Complaint fails to state a claim against the defendant property upon which relief can be granted.

**FOR A THIRD, SEPARATE AND FURTHER ANSWER AND SECOND AFFIRMATIVE DEFENSE, THIS ANSWERING CLAIMANT ALLEGES:**

35. The seizure statute violates due process of law under the Fifth

Amendment to the United States Constitution because it is unconstitutionally vague and authorizes the arrest of property without prior authorization by a disinterested judicial officer, prior notice, or an opportunity to be heard on the probable validity of the claim and authorizes the taking of personal property without just compensation in violation of the Eminent Domain Clause of the Fifth Amendment to the United States Constitution.

### FOUR A FOURTH, SEPARATE AND FURTHER ANSWER AND THIRD AFFIRMATIVE DEFENSE, THIS ANSWERING CLAIMANT ALLEGES:

36. The seizure of the defendant property was based on an unlawful search and seizure by state and/or federal authorities in violation of the Fourth Amendment to the United States Constitution.

### FOR A FIFTH, SEPARATE AND FURTHER ANSWER AND FOUR AFFIRMATIVE DEFENSE, THIS ANSWERING CLAIMANT ALLEGES:

37. The forfeiture statute is void and unenforceable under the United States Constitution, Article III, Section 3, cl.2

### FOR A SIXTH, SEPARATE AND FURTHER ANSWER AND FIFTH AFFIRMATIVE DEFENSE, THIS ANSWERING CLAIMANT ALLEGES:

38. Defendant is not subject to forfeiture because any alleged acts or uses involving said property in violation of law were committed without the knowledge of consent of claimant, and claimant is an innocent owner of the defendant.

### FOR A SEVENTH, SEPARATE AND FURTHER ANSWER AND SIXTH AFFIRMATIVE DEFENSE, THIS ANSWERING CLAIMANT ALLEGES:

39. The seizure and forfeiture of the claimant's interest in the defendant

property is void and unenforceable under the Eighth Amendment to the United States Constitution as an excessive fine or punishment.

### FOR AN EIGHTH, SEPARATE AND FURTHER ANSWER AND SEVENTH AFFIRMATIVE DEFENSE, THIS ANSWERING CLAIMANT ALLEGES:

40. The forfeiture statutes are void and unenforceable under the Due Process Clause of the Fifth Amendment to the United States Constitution because they impermissibly permit a burden of proof of mere probable cause for the plaintiff and shift the burden of proof at the forfeiture trial to the claimant.

### FOR A NINTH, SEPARATE AN FURTHER ANSWER AND EIGHTH AFFIRMATIVE DEFENSE, THIS ANSWERING CLAIMANT ALLEGES:

41. The government failed to commence the instant civil forfeiture action within five years after the time the alleged offense was discovered.  Claimant alleges that the limitations period began to run when the government either discovered or possessed the means to discovery the alleged wrong.  This includes not only those facts the plaintiff actually knew, but also those facts a reasonably diligent plaintiff would have know.

WHEREFORE, this answering party claimant respectfully prays:

1. That plaintiff United States of America take nothing by its Complaint;

2. That the defendant property be returned to claimant forthwith;

3. That the Court award claimant his reasonable costs and attorney's fees incurred herein under the Equal Access to Justice Act;

4. That the Court rule on all of the constitutional questions raised by this pleading and issue its findings of fact and conclusions of law; and

///

///

5. For such other and further relief as the Court may deem just and proper.

Dated: June 16, 2022									Respectfully submitted,

/s/ Victor Sherman
VICTOR SHERMAN
Attorney for Defendant
STANLEY HUDSON

VICTOR SHERMAN (SBN 38483)
LAW OFFICES OF VICTOR SHERMAN
11400 West Olympic Boulevard, Suite 1500
Los Angeles, California 90064
Telephone (424) 371-5930
Facsimile  (310) 392-9029
Email:     victor@victorsherman.law

Attorney for Defendant
STANLEY HUDSON

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CRYPTOCURRENCY,<br><br>　　　　　Defendant.<br>_____<br>STANLEY HUDSON,<br><br>　　　　　Claimant.<br>_____ | Case No.  2:22-CV-00556-CAS<br><br>**DEMAND FOR JURY TRIAL** |

　　TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF, UNITED STATES OF AMERICA, AND ITS ATTORNEY:

　　PLEASE TAKE NOTICE that pursuant to Rule 38(b), Federal Rules of Civil Procedure, claimant, Stanley Hudson, demands a jury trial in this action.

Dated: June 16, 2022　　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　　　/s/ Victor Sherman
　　　　　　　　　　　　　　　　　　　　　　VICTOR SHERMAN
　　　　　　　　　　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　　　　　　　　　STANLEY HUDSON

8